THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| WAYNE A. HUSSAR, II,<br><br>Plaintiff,<br><br>vs.<br><br>DENNIS ALMANDINGER, LEWIS AND CLARK COUNTY, C.S.I. OFFICER, COREY OLSEN and the STATE OF MONTANA,<br><br>Defendant. | CV 18-00051-H-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY MOTION TO PROCEED IN FORMA PAUPERIS |

Plaintiff Wayne Hussar, a state prisoner proceeding without counsel, filed a motion to proceed in forma pauperis (Doc. 1) and a proposed Complaint alleging Defendant Dennis Almandinger threatened to shoot him and then "ran down" Mr. Hussar and his wife. He seeks to hold the remaining Defendants liable for refusing to charge Mr. Almandinger and for illegally retaliating against Mr. Hussar by falsely charging him. (Doc. 2.) Mr. Hussar is subject to the three strikes provision of 28 U.S.C. § 1915(g) and therefore the Motion to Proceed in Forma Pauperis should be denied.

Permission to proceed in forma pauperis is discretionary with the Court. *See* 28 U.S.C. § 1915(a). 28 U.S.C. § 1915(g) provides as follows:

1

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Mr. Hussar has filed at least three civil actions which have been dismissed as frivolous or for failure to state a claim. *See Hussar v. Touchette*, CV-11-00011-H-DWM (D. Mont. Judgment of dismissal filed May 6, 2011, designated as strike because frivolous, not appealed); *Hussar v. Abendroth, et al.,* CV-12-00076-M-DLC (D. Mont. Judgment of dismissal filed October 30, 2012, designated as strike for failure to state a claim, not appealed); and *Hussar v. Nichals*, CV-12-00045-H-DLC (D. Mont. Judgment of dismissal filed January 29, 2013, designated as a strike for failure to state a claim, not appealed.)

Mr. Hussar has exceeded the three "strikes" allowed by the Prison Litigation Reform Act to a prisoner attempting to proceed in forma pauperis in a federal civil lawsuit. As such, he cannot proceed in forma pauperis in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of 28 U.S.C. § 1915(g).

To meet the exception, Mr. Hussar must allege facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of the filing

of the complaint. *Andrews*, 493 F.3d at 1053 ("it is the circumstances at the time of the filing of the complaint that matters for the purposes of the 'imminent danger' exception under § 1915(g)"). Mr. Hussar is complaining of incidents which occurred in 2014. His allegations do not satisfy the imminent danger exception to section 1915(g). *Andrews v. Cervantes*, 493 F.3d 1047, 1055-56 (9th Cir. 2007). The motion to proceed in forma pauperis should be denied.

While ordinarily litigants are given a period of time to pay the full filing fee of $400.00, Mr. Hussar should not be allowed to do so in this case. Mr. Hussar has been made aware that he is subject to the provisions of 28 U.S.C. § 1915(g) and cannot submit such filings without payment of the filing fee or demonstrating imminent danger of serious physical harm. *See Hussar v. Lewis and Clark County Detention Center*, Civil Action No. 17cv55-H-DLC-JTJ.

In addition, Mr. Hussar is not entitled to a fourteen-day period to object. *See Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam). No motion for reconsideration will be entertained.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. Mr. Hussar's Motion to Proceed in Forma Pauperis (Doc. 1) should be DENIED pursuant to 28 U.S.C. § 1915(g).

2.  The Clerk of Court should be directed close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  No motions for reconsideration or rehearing will be entertained, and the Clerk of Court is directed to discard any such motions.

DATED this 10th day of April, 2018.

                             */s/ John Johston*  
                             John Johnston  
                             United States Magistrate Judge