# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| WAYNE A. HUSSAR, II,<br><br>Plaintiff,<br><br>vs.<br><br>DENNIS ALMANDINGER, LEWIS AND CLARK COUNTY, C.S.I. OFFICER, COREY OLSEN and the STATE OF MONTANA,<br><br>Defendants. | CV-18-51-H-BMM<br><br>**ORDER** |

Plaintiff Wayne Hussar, II (Hussar) is a state prisoner proceeding *pro se*. Hussar has filed a civil Complaint. (Doc. 2). Hussar alleges that Defendant Dennis Almandinger (Almandinger) threatened to shoot him. Hussar seeks to hold the remaining Defendants liable for refusing to charge Almandinger and for retaliating against him. Hussar has moved for leave to proceed in forma pauperis. (Doc. 1).

United States Magistrate Judge John Johnston entered Findings and Recommendations in this matter on April 10, 2018. (Doc. 4). Judge Johnston recommended that Hussar's Motion to Proceed in Forma Pauperis be denied. (Doc. 4 at 3). Judge Johnston determined that Hussar is barred from proceeding in forma pauperis by the three strikes provision in 28 U.S.C. § 1915(g). (Doc. 4 at 2-3).

The Court has reviewed Judge Johnston's Findings and Recommendations *de novo*. The Court finds no error in Judge Johnston's Findings and Recommendations, and adopts them in full.

The three strikes provision in 28 U.S.C. § 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Hussar has filed three civil actions that have been dismissed on grounds the action was frivolous or failed to state a claim. *See Hussar v. Touchette*, CV 11-11-H-DWM (Judgment of dismissal entered on May 6, 2011, dismissed as frivolous, no appeal); *Hussar v. Abendroth, et al.*, CV 12-76-M-DLC (Judgment of dismissal entered on October 30, 2012, dismissed for failure to state a claim, no appeal); and *Hussar v. Nichals*, CV 12-45-H-DLC (Judgment of dismissal entered on January 29, 2013, dismissed for failure to state a claim, no appeal).

Hussar has exceeded the three strikes allowed a prisoner attempting to proceed in forma pauperis in a federal lawsuit. He cannot proceed in forma pauperis in this case unless he can show that he qualifies for the "imminent danger

of serious physical injury" exception in 28 U.S.C. § 1915(g). To meet this exception Hussar must allege facts which demonstrate that he was under imminent danger of serious physical injury when he filed his Complaint. *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). The allegations in Hussar's Complaint, even when construed liberally, do not support a finding that Hussar was in imminent danger of serious physical injury when he filed his Complaint. Hussar complains of incidents that occurred in 2014.

When this Court denies a motion to proceed in forma pauperis it ordinarily gives the movant an opportunity to pay the full filing fee of $400.00. The Court will not provide Hussar that opportunity, however, in this case. Hussar knew when he filed this action that he was subject to the three strikes provision in 28 U.S.C. § 1915(g). *See Hussar v. Lewis and Clark County Detention Center*, CV 17-55-H-DLC (Order entered on June 21, 2017). Hussar was aware that he could not file a complaint with this Court without either paying the $400.00 filing fee, or demonstrating that he was in imminent danger of serious physical harm. *Id.* Accordingly, IT IS ORDERED:

    1.    Hussar's Motion to Proceed in Forma Pauperis (Doc. 1) is DENIED.

    2.    Hussar's Motion to Arrest Dennis Almandinger (Doc. 6) is DENIED as moot.

3. Hussar's Complaint (Doc. 2) is DISMISSED.

4. The Clerk of Court shall close this case and enter judgment under Rule 58 of the Federal Rules of Civil Procedure.

5. No motions for reconsideration or rehearing will be entertained. The Clerk of Court is directed to discard any such motions.

DATED this 30th day of April, 2018.

Brian Morris
United States District Court Judge